IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHNNY METSCHER,<br>      Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA,<br>      Defendant. | Case No. 4:25-cv-00049-DGK |

## PROPOSED SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the schedule below is hereby proposed.

### Key Dates

1. Motions to join additional parties shall be filed on or before **May 28, 2025**.
2. Motions to amend the pleadings shall be filed on or before **May 28, 2025**.
3. The parties anticipate that this ERISA action will be decided on cross-motions for summary judgment or motions for determination on the administrative record. Absent good cause, the parties do not anticipate engaging in discovery or utilizing expert witnesses. Accordingly, there is no need to establish discovery, deposition designation, witness and exhibit lists, or expert deadlines.
4. Dispositive motions shall be filed on or before **September 1, 2025**.
5. The pretrial conference is scheduled to be held at _____ on _____.
6. Trial briefs shall be filed seven (7) days prior to trial.
7. The trial is scheduled to commence at 9:00 a.m. on_____, for **1** days.

## Amendment of Pleadings

1. Any motion to join additional parties shall be filed on or before <u>May 28, 2025</u>.

2. Any motion to amend the pleadings shall be filed on or before <u>May 28, 2025</u>.

## Discovery

1. **Motions**. The parties anticipate that this action will be decided on cross-motions for summary judgment or motions for determination on the administrative record. Absent good cause, the parties do not anticipate engaging in discovery or utilizing expert witnesses. Accordingly, there is no need to establish discovery, deposition, designation, witness and exhibit list, or expert deadlines. Additionally, in accordance with the Court's March 10, 2025 Order (Doc. 11) and Rule 26(f)(3)(C), the parties state that because they do not anticipate engaging in discovery and instead will be limited to the administrative record, there is no need for ESI or a proposed plan to address any ESI related concerns or issues.

2. **Final Discovery Deadline**. N/A

3. **Expert Witnesses**. N/A

4. **Affidavits for Experts**. N/A

5. **Treating Physicians**. N/A

## Motions

1. **Dispositive Motions.** All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before **September 1, 2025**. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with

Local Rules 7.1 and 56.1

    2.    ***Daubert*** **Motions**. N/A

    3.    **Motions for Extension of Time.** All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

    a. The date when the pleading, response or other action is/was first due;

    b. The number of previous extensions and the date the last extension expires;

    c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

    d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

**Pretrial Conference & Filings Due Prior to Pretrial Conference**

    1.    **Pretrial Conference**. A final pretrial conference in this case will be held at _____ p.m. on _____, 2026, via telephone conference.* **The call shall be initiated by plaintiff's counsel.** The Court's telephone number is 816-512-5602. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

    a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

    b. Identification of legal and factual issues to be tried;

    c. Disposition of pending motions;

    d. Discussion of any legal questions which must be resolved prior to trial;

    e. Discussion of any suggestions by counsel to simplify and expedite the trial; and

    f. Discussion of the status and likely success of settlement negotiations.

---

* In some instances, the Court may require counsel to appear in person for the pretrial conference.

2. **Pretrial Filings**. To improve the quality of trial through more thorough preparation, the attorneys will meet and confer at least three (3) days prior to the deadlines contained in paragraphs c, d, e and f below to identify what is truly in dispute and to facilitate the admission of uncontroverted evidence.

    a. **Motions in limine.** Twenty-one (21) days prior to the pretrial conference, motions in limine shall be filed. Responses to motions in limine shall be filed at least fourteen (14) days prior to the pretrial conference.

    b. **Deposition Designations**. Fourteen (14) days prior to the pretrial conference, each party asserting claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, etc.) or asserting an affirmative claim shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

    Seven (7) days prior to the pretrial conference, each party defending against an affirmative claim for relief shall file and serve:

        i. Any objections to proposed deposition testimony designated by any other party;

        ii. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

        iii. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

    On or before the date of the pretrial conference, each party shall serve, file and deliver to all other parties its objections to any deposition testimony designated pursuant to subparagraphs ii. and iii. above.

    c. **Stipulation of Uncontroverted Facts.** Seven (7) days prior to the pretrial conference, stipulation of uncontroverted facts shall be filed. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

    d. **Stipulation as to the Admissibility of Evidence.** Seven (7) days prior to the

pretrial conference, stipulation as to the admissibility of evidence shall be filed when the identification and foundation of the exhibit is not contested. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

e. **Witness Lists.** Seven (7) days prior to the pretrial conference, pursuant to Local Rule 39.1, witness lists shall be filed. Each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. No supplemental or amended witness lists will be allowed without leave of Court and for good cause.

**Exhibit Lists.** Seven (7) days prior to the pretrial conference, pursuant to Local Rule 39.1, exhibit lists shall be filed. Each party will file and serve a list of all exhibits which may be offered at trial. Additionally, each party shall make its exhibits available for inspection by the other parties prior to the pretrial conference. The parties shall also prepare and provide to the courtroom deputy an exhibit index, with said index being prepared on a form provided by the clerk's office. Each exhibit will be designated as either "Plaintiff's" or "Defendant's." Plaintiff shall number their exhibits beginning with the number one. Defendant shall number their exhibits beginning with the number 501. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description on the exhibit index. It is not necessary to list exhibits to be used only for impeachment or rebuttal purposes. Failure to list an exhibit or to disclose an exhibit to adverse counsel as required by this order will result, except upon a showing of good cause, in the non-admissibility of the exhibit into evidence at the trial. No supplemental or amended list of exhibits will be allowed without leave of Court and for good cause.

f. **Remaining Claims.** Seven (7) days prior to the pretrial conference, each party shall file a schedule of claims, counterclaims and affirmative defenses that remain outstanding, along with the elements of each claim, citing authority for such elements.

### Trial and Filings due Prior to Trial

1. **Trial.** This case is scheduled for bench trial commencing at 9:00 a.m. on

   _____, 2026, at the United States Courthouse in Kansas City, Missouri.

2. **Trial Filings.** The following documents shall be filed prior to trial:

   a. **Trial Brief.** Seven (7) days prior to trial, counsel for each party shall file a trial brief stating the factual and legal contentions for the party for whom the trial

brief is filed. The trial memorandum shall contain: a general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

3. **Trial Procedure**. The Court will place time limits on opening statements and direct and cross-examination of all witnesses. You should be prepared to support your representations as to the length of trial.

4. **Trial Rules**. In order to ensure the efficient use of time during trial, the following rules of Court will be imposed:

   a. All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court;

   b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

   c. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their positions; and

   d. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their testimony.

## Failure to Appear/Comply

Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Respectfully submitted,

BurnettDriskill, Attorneys
/s/ Benjamin Narrell
Benjamin Narrell   MO #76715
Derrick A. Pearce   MO #42793
103 W. 26th Ave., Ste. 290
North Kansas City, MO 64116
(816) 781-4836 / (816) 792-3634 (fax)
dpearce@burnettdriskill.com
bnarrell@burnettdriskill.com
**ATTORNEYS FOR PLAINTIFF**

Hinshaw & Culbertson LLP
/s/ Jacqueline J. Herring (by consent)
Jacqueline J. Herring   IL #6282246
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
P. 312.704.3975 | F. 312.704.3001
jherring@hinshawlaw.com

**ATTORNEY FOR DEFENDENT**